**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KUAUHTEMOC I. RODRIGUEZ,<br>          Appellant, | DOCKET NUMBER<br>DE-1221-19-0016-W-3 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: May 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tom Devine, Esquire, Jack Kolar, Esquire, Elizabeth Paukstis, Esquire, and
     Don Aplin, Esquire, Washington, D.C., for the appellant.

Alfred Steinmetz, Esquire, Washington, D.C., for the agency.

Maxine N. Romero, Esquire, Phoenix, Arizona, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which granted in part and denied in part the appellant's request for corrective action in this individual right of action (IRA) appeal.    The appellant initially presented approximately 40 alleged

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

whistleblowing disclosures or activities spanning July 2014 to April 2017, and even more alleged retaliatory personnel actions over roughly the same period for consideration. *Rodriguez v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-19-0016-W-3, Refiled Appeal File, Tab 96, Initial Decision (ID) at 5-9. He eventually withdrew most of the alleged personnel actions to narrow the issues for adjudication. ID at 19-20. Of those which remained, the administrative judge found that the appellant met his jurisdictional burden for 36 alleged disclosures or activities, ID at 12-16, and 13 alleged personnel actions, ID at 18-20.

¶2     On the merits, the administrative judge found that the appellant met his burden of proving that 32 of his disclosures or activities were protected, ID at 54-56, and that his whistleblowing was a contributing factor in 5 personnel actions, ID at 121-22. The administrative judge then found that the agency proved that it would have taken some but not all those same personnel actions in the absence of the appellant's whistleblowing. In particular, he found that the agency did not meet its burden regarding a "fully successful" rating in the appellant's fiscal year (FY) 2016 performance evaluation, ID at 126-29, and another "fully successful" rating in the appellant's FY 2017 performance evaluation, ID at 129-33. Conversely, the administrative judge found that the agency did meet its burden regarding an April 2016 denial of temporary promotion, ID at 133-40, an April 2016 denial of detail assignment, ID at 140-47, and a March 2017 proposed reprimand, ID at 147-53.

¶3     On petition for review, the appellant argues that the agency did not meet its burden of rebutting his prima facie case of whistleblower reprisal regarding the April 2016 denial of temporary promotion, the April 2016 denial of detail assignment, *Rodriguez v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-19-0016-W-3, Petition for Review (PFR) File, Tab 3 at 8-27, or the March 2017 proposed reprimand, *id.* at 27-28.[2] He also argues that the Board

---

[2] Many of the appellant's arguments on review are based on assertions that the administrative judge ignored or overlooked important evidence. *E.g.*, PFR File, Tab 3 at 10, 12, 15. But an administrative judge's failure to mention all of the evidence of

should remand his claim of a retaliatory hostile work environment for further adjudication. *Id.* at 6-7 n.1 (citing ID at 105-07). The appellant does not challenge any of the administrative judge's other findings about jurisdiction or the merits.

¶4    In its cross petition, the agency argues that the appellant's IRA appeal was untimely filed and that the administrative judge erred by applying equitable tolling. PFR File, Tab 8 at 5-6. The agency does not otherwise challenge the initial decision or the administrative judge's partial grant of corrective action.

¶5    Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Many other arguments concern the motive to retaliate for his protected disclosures and activities. *E.g.*, PFR File, Tab 3 at 17-28. On that point, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has cautioned against taking too narrow a view of the motive to retaliate for whistleblowing and has explained that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012). Similarly, the court has instructed the Board not to limit its consideration of a motive to retaliate to the appellant's supervisors, but to examine whether a retaliatory motive could be imputed more broadly to other officials or entities involved in the decision and that, while there may not be a personal motive to retaliate, it is error not to consider whether the agency decision makers had a "professional retaliatory motive" because the appellant's disclosures "implicated the capabilities, performance, and veracity of [agency] managers and employees." *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019); *Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016). However, although the Federal Circuit has directed the Board to consider the possibility of a professional retaliatory motive, it has not mandated that we find such motive in every whistleblower appeal. For instance, in *Robinson*, after taking into consideration the administrative judge's demeanor-based credibility determinations, the court agreed with the administrative judge that there was no retaliatory motive, either professional or personal, and found that this factor weighed in favor of the agency. *Robinson*, 923 F.3d at 1019-20. Having reviewed all the appellant's arguments, along with the evidence he has referenced throughout his petition, we are not persuaded that the administrative judge ignored evidence or otherwise erred in his analysis.

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## ORDER

¶6 Consistent with the administrative judge's order, we ORDER the agency to CANCEL the appellant's FY 2016 and FY 2017 performance evaluations and provide the appellant with new FY 2016 and FY 2017 performance evaluations by individuals who are untainted by retaliatory bias, based solely on his performance during those fiscal years, and adhering to the agency's performance management policies, which were in effect at the relevant time. Further, in the event either or both the appellant's ratings are increased, we ORDER the agency to provide him with any associated bonus and any other award, monetary or otherwise, he would have been entitled to receive. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete these actions no later than 20 days after the date of this decision.

¶7 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶8    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable

expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.